**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| PRESIDENTS' ALLIANCE ON HIGHER EDUCATION AND IMMIGRATION, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY, *et al.*,<br><br>Defendants. | Case No. _______ |

**DECLARATION OF PATRICK BURKE**

I, Patrick Burke, declare as follows:

1. I am the President of Plaintiff United Auto Workers Local 2322. As President, I have personal knowledge of the contents of this declaration and/or have knowledge of the matter based on records available to me. If called as a witness, I could and would testify competently to the following facts.

2. UAW Local 2322 is an amalgamated local representing some 4,300 workers primarily in Western Massachusetts at 26 workplaces. We are a diverse local, representing people from a wide range of cultural, economic, educational, and national backgrounds. Our members work in the fields of higher education, early childhood development, health & human services, and beyond.

3. UAW Local 2322 is a local affiliate of International Union, United Automobile, Aerospace and Agricultural Implement Workers of America. Members of UAW Local 2322 are also automatically members of the International Union, pursuant to the UAW's Constitution. UAW Local 2322 is headquartered and has its principal place of business in Holyoke,

Massachusetts.

4. The mission of UAW Local 2322 is to use our collective power to negotiate and enforce strong contracts with employers, to support local organizations for social justice, and to give working people in Western Massachusetts a voice at work. UAW Local 2322 pursues its mission by, among other things, advocating for the rights of its members, including with respect to changes in immigration policy that would affect the ability of members to reside and work in the United States.

5. I am familiar with the Department of Homeland Security's rulemaking *Establishing a Fixed Time Period of Admission and an Extension of Stay Procedure for Nonimmigrant Academic Students, Exchange Visitors, and Representatives of Foreign Information Media* (the "Final Rule"). I understand that, among other things, the Final Rule eliminates the "duration of status" admission period for F and J nonimmigrants and replaces it with admission for a fixed time period based on their length of program, not to exceed 4 years absent an extension approved by immigration officials.

6. UAW Local 2322 represents approximately 2,500 graduate student workers and postdoctoral researchers at two college and university campuses. Those members include several international students and postdocs whose nonimmigrant status is directly impacted by the Final Rule, which meaningfully alters the nature of their nonimmigrant status. Among other injuries, the Final Rule will require all F and J nonimmigrants to file an Extension of Stay (EOS) request with USCIS any time their program end date changes, and in no event longer than four years. Additionally, for graduate students, the Final Rule significantly inhibits academic mobility by prohibiting graduate students from changing programs, schools, or academic focus or matriculating into a program with the same or lower academic level as the one they have completed. And for F-1

students, the Final Rule reduces the grace period at the conclusion of the program from 60 days down to 30.

7. UAW Local 2322 is also aware of several individual members for whom the harms of the Final Rule are particularly distinct. For example, Local 2322 Member A is a theoretical physicist working as a postdoctoral research associate at a university in Massachusetts. Local 2322 Member A, who is from a country in Europe, was admitted to the United States in November 2023 on a J-1 visa with D/S on his Form I-94. Local 2322 Member A's postdoctoral appointment was anticipated to be for three years, and his DS-2019 has a program end date in November 2026. However, Local 2322 Member A's university recently extended his contract through May 2027. Local 2322 Member A has imminent plans to travel outside of the United States in September 2026 to do work at a university in his home country, with the goal of establishing contacts there for future academic employment. However, Local 2322 Member A will be returning to Massachusetts to complete his postdoc. As a result of this travel and the provisions of the Final Rule, Local 2322 Member A will lose D/S, and will have to apply for an extension of his J-1 in order to complete his postdoc.

8. Local 2322 Member B is also a postdoctoral research associate at a university in Massachusetts. He is an Indian national in the United States on a J-1 visa. Local 2322 Member B has a Ph.D. in physics. His research domain is experimental particle physics and he is currently building an experiment at Thomas Jefferson National Lab. His current program end date on his DS-2019 is October 31, 2026. Local 2322 Member B has been working at his university, and on a J-1 visa, since December 2022. He has been on annual contracts, but with the understanding that if his principal investigator has funding, he will be renewed for a successive contract. Local 2322 Member B is currently waiting to hear if his principal investigator has funding to renew his contract

for another year. If his contract is renewed after the September 15, 2026, effective date of the Final Rule, Local 2322 Member B will lose the duration of status currently in his Form I-94, and will have to apply for an extension of his J-1 visa. Applying for an extension would also complicate matters for his wife, who is in the United States with him on a J-2 visa with employment authorization and works at a college in Massachusetts. If Local 2322 Member B loses D/S and has to apply for an extension of stay, his wife would also have to reapply for employment authorization, and if there is a gap and she is unable to work for some period of time that will cause hardship both for their family and for her employer. Because of all of the uncertainty and instability caused by the Final Rule and other recent immigration actions, if Local 2322 Member B's contract in Massachusetts is not renewed, he is prioritizing applying for postdoctoral and other research positions in Canada or Europe over seeking another position in the United States.

9. Local 2322 Member C is an Indian national on an F-1 visa. Local 2322 Member C is pursuing a Master's degree in business analytics at a university in Massachusetts. He has one semester left, and his program end date on his Form I-20 is December 2026. However, Local 2322 Member C is currently doing an internship with a solar energy company, which may cause him to delay his graduation to the Spring 2027 semester. That would cause the program end date on his Form I-20 to change and, due to the Final Rule, he would lose the duration of status designation on his Form I-94. In addition, Local 2322 Member C would lose the current 60-day grace period, which will be difficult for him as he plans to transition to OPT or STEM-OPT to continue his internship after graduation. Local 2322 Member C is also concerned about the cost of an EOS, on top of the costs he will already pay for applying for OPT/STEM-OPT. Finally, Local 2322 Member C's long-term career goal is to work in a management or leadership role. He wants to pursue a Master's of Business Administration (MBA) degree after he graduates from his current Master's

program, and he has been speaking to other American universities about their MBA programs. However, because the Final Rule bars F-1 visa holders from pursuing a subsequent degree at the same or a lower level, Local 2322 Member C would not be able to pursue an MBA at a university in the United States. All of these impacts have been personally, professionally, and academically disruptive and mentally taxing for Local 2322 Member C.

10. Local 2322 Member D is a Ph.D. student at a university in Massachusetts, studying computer science. Local 2322 Member D is about to begin the second year of their Ph.D. program. Local 2322 Member D is from France and is on an F-1 visa. The program end date in Local 2322 Member D's Form I-20 is August 31, 2030. Local 2322 Member D is unsure whether they will be able to finish their Ph.D. program by that date, as some students in their program take longer to complete their doctorate. Local 2322 Member D is planning to travel to France in December 2026, both to visit family and because they have been locked out of their French bank account and must visit the bank in-person to re-access their account and avoid paying substantial fees. Local 2322 Member D is also officiating their sibling's wedding in France in May 2027. Due the Final Rule, Local 2322 Member D will lose the duration of status designation on their Form I-94 when they return to the United States. They will also lose the 60-day grace period. Local 2322 Member D is particularly worried about the loss of the additional 30-days, because their partner is a U.S. Citizen, and making future plans on a shorter timeline will be difficult if they move to France and their partner has to obtain a French visa. In addition, Local 2322 Member D may want to apply for OPT or STEM-OPT after they complete their Ph.D. program, and that will be more difficult with the 30-day grace period.

I declare under penalty of perjury that the foregoing is true and correct to the best of my

knowledge.

Executed on August 17, 2026, at Holyoke, Massachusetts.

Patrick Burke