**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| PRESIDENTS' ALLIANCE ON HIGHER EDUCATION AND IMMIGRATION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY, et al.,<br><br>Defendants. | Case No. 1:26-cv-13799-FDS |

**DEFENDANTS' BRIEFING ON CASE MANAGEMENT, PRODUCTION OF THE ADMINISTRATIVE RECORD, AND FORM OF FINAL JUDGMENT**

Defendants respectfully submit this brief in response to the Court's order directing the parties to address the procedure and schedule for the "path forward" in this matter, ECF No. 56. Specifically, this submission addresses: (1) Defendants' position regarding case schedule, including a stay of proceedings pending interlocutory appeal or, alternatively, an expedited summary judgment briefing schedule; (2) the timeframe for certifying and serving the administrative record; and (3) the appropriate form and scope of final judgment under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 551–559, 701–706.

## I. Case Management Schedule

### A. The Court Should Exercise Its Inherent Authority to Stay Proceedings Pending Appeal

On September 30, 2026, Defendants filed a Notice of Appeal to the United States Court of Appeals for the First Circuit from this Court's September 14, 2026 Memorandum and Order granting Plaintiffs' motion for a preliminary injunction. ECF No. 53. On October 7, 2026, Defendants filed a motion to expedite the appeal pursuant to 28 U.S.C. § 1657, Federal Rule of

Appellate Procedure 27, and First Circuit Local Rule 27.0. *See Presidents' Alliance on Higher Edu and Immigr, et al v. DHS, et al.*, Entry ID 6850460, No. 26-2112 (1st Cir.). In that assented-to motion, Defendants asked the First Circuit to establish an expedited briefing and argument schedule under which Defendants' opening brief is due 21 days after the entry of an order granting the motion to expedite; Plaintiffs' answering brief is due 30 days after the filing of Defendants' opening brief; Defendants' reply brief is due 10 days after the filing of Plaintiffs' answering brief; and oral argument is scheduled for the next available sitting following the completion of briefing.

Defendants recognize that an interlocutory appeal under 28 U.S.C. § 1292(a)(1) does not automatically divest this Court of jurisdiction over the underlying merits. Nevertheless, this Court retains the inherent, discretionary authority to control its docket and stay proceedings to promote judicial economy and prevent hardship. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). A stay of district court proceedings pending resolution of the expedited interlocutory appeal is warranted for at least two reasons.

*First*, the issues on appeal are pure questions of law that will establish the controlling law of the case. In an APA record-review case, the preliminary injunction inquiry regarding likelihood of success on the merits is analytically identical to the ultimate summary judgment inquiry under 5 U.S.C. § 706. The overarching legal questions currently on appeal will dictate the controlling standard of review and the legal framework that this Court must apply on summary judgment. Briefing summary judgment under legal standards that are actively subject to appellate review and potential revision by the First Circuit risks inconsistent judgments, procedural confusion, and waste of judicial and party resources.

*Second*, Plaintiffs will suffer no legal prejudice from a stay. The Final Rule has already been stayed in its entirety nationwide under 5 U.S.C. § 705. Because the regulatory status quo is

fully preserved and the Rule is not in effect, Plaintiffs face no ongoing or imminent compliance burdens while the First Circuit considers the appeal.

**B. Proposed Briefing Schedule in the Event a Stay Is Denied**

If this Court declines to stay proceedings, Defendants propose an expedited summary judgment schedule tied to the service of the Certified Administrative Record. Because APA challenges are decided entirely on the basis of the closed record, the matter should be resolved on cross-motions for summary judgment under the following timeline:

- **Service of Certified Administrative Record:** Friday, October 16, 2026
- **Cross-Motions for Summary Judgment:** 30 days after service of the Certified Administrative Record
- **Cross-Oppositions:** 30 days after the filing of Cross-Motions
- **Final Reply Briefs:** 14 days after the filing of Cross-Oppositions

**II. Timeframe for Certifying and Serving the Administrative Record**

Defendants are actively finalizing the compilation and indexing of the administrative record and expect to be able to serve the certified administrative record on Plaintiffs by Friday, October 16, 2026.

**III. Form and Structure of Final Judgment Under the APA**

Under the APA, a reviewing court is authorized to "hold unlawful and set aside agency action, findings, and conclusions" found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). Judicial review under Section 706 operates in the nature of an appellate review of the agency's contemporaneous administrative record. *See Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743–44 (1985); *Camp v. Pitts*, 411 U.S. 138, 142–43 (1973). Consequently, where a plaintiff prevails on summary judgment in an APA challenge, the conventional remedy is not a freestanding permanent injunction under Federal Rule of Civil Procedure 65, but rather an order setting aside the unlawful agency action and

remanding the matter to the agency for further administrative proceedings consistent with the court's opinion. *See Fla. Power & Light*, 470 U.S. at 744; *Camp*, 411 U.S. at 143. Under this established framework, a district court does not dictate the substantive policy outcome or substitute its discretion for that of the executive branch; rather, the agency retains policymaking authority on remand to cure any identified procedural or explanatory deficiencies, whether through an expanded justification, reconsideration of alternatives, or supplemental notice-and-comment rulemaking.

Furthermore, any final judgment must account for the specific nature of the deficiencies identified and the equitable limits governing APA remedies. In situations where an agency's explanation or cost-benefit analysis is found inadequate, complete vacatur is not mandatory. Under the framework established in *Allied-Signal, Inc. v. U.S. Nuclear Regulatory Commission*, 988 F.2d 146, 150–51 (D.C. Cir. 1993), a court evaluates the seriousness of the rule's deficiencies alongside the disruptive consequences that would result from vacatur. Where an agency may plausibly justify its choice on remand and complete vacatur would cause unnecessary disruption, the appropriate final judgment is a remand without vacatur, or a limited vacatur that leaves valid, severable provisions intact. *See id.* at 153.

Finally, Defendants maintain that any final declaratory or vacatur relief must be strictly tailored to redress the concrete injuries of the plaintiffs before the Court, consistent with Article III principles and equitable limits on universal relief.

**IV. Conclusion**

For the foregoing reasons, Defendants respectfully request that the Court enter an order staying further district court proceedings pending the First Circuit's disposition of Defendants' expedited interlocutory appeal. In the alternative, Defendants request that the Court adopt the

proposed cross-motion briefing schedule set forth above, with the Certified Administrative Record to be served by October 16, 2026.

Dated: October 9, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

WILLIAM C. SILVIS
Assistant Director

DANIEL SCHUTRUM-BOWARD
Senior Litigation Counsel

OLEKSIY ISAEV
Trial Attorney

*/s/Michael A. Celone*
MICHAEL A. CELONE
Senior Litigation Counsel
U.S. Department of Justice, Civil Division
Post Office Box 868 | Ben Franklin Station |
Washington, D.C. 20044-0868
Michael.A.Celone@usdoj.gov
202-305-2040

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

*/s/ Michael A. Celone*
MICHAEL A. CELONE
Senior Litigation Counsel

Dated: October 9, 2026