**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| PRESIDENTS' ALLIANCE ON HIGHER EDUCATION AND IMMIGRATION, *et al.* | ) | |
| Plaintiffs, | ) | Civil Action No. 1:26-cv-13799 |
| v. | ) | |
| UNITED STATES DEPARTMENT OF HOMELAND SECURITY, *et al.*, | ) | |
| Defendants. | ) | |

**REPLY MEMORANDUM IN SUPPORT OF**
**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

# TABLE OF CONTENTS

INTRODUCTION ..... 1

ARGUMENT ..... 1

I. DHS adequately explained that SEVIS cannot provide the necessary additional screening prescribed by the Final Rule ..... 1

II. The Final Rule is not contrary to law ..... 2

III. The proper relief is remand without vacatur ..... 3

CONCLUSION ..... 3

# TABLE OF AUTHORITIES

**CASES** .......... Page(s)

*Cent. Me. Power Co. v. FERC*,
252 F.3d 34 (1st Cir. 2001) .......... 3

*Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*,
591 U.S. 1 (2020) .......... 3

*Encino Motorcars, LLC v. Navarro,*
*579 U.S. 211 (2016)* .......... 2

*FCC v. Fox Television Stations, Inc.*,
556 U.S. 502 (2009) .......... 2

*Massachusetts v. Dep't of Educ.,*
No. CV 26-11229-FDS, 2026 WL 2350106 (D. Mass. Aug. 11, 2026) .......... 3

**STATUTES**

5 U.S.C. § 706 .......... 1

5 U.S.C. § 706(2) .......... 3

8 U.S.C. § 1103(a)(3) .......... 2

8 U.S.C. § 1184(a)(1) .......... 1, 2

**OTHER AUTHORITIES**

Establishing a Fixed Time Period of Admission and an Extension of Stay Procedure for Nonimmigrant Academic Students, Exchange Visitors, and Representatives of Foreign Information Media, 91 Fed. Reg. 44976 (July 17, 2026) .......... 2

## INTRODUCTION

As explained in Defendants' Response in Opposition to Plaintiffs' Motion for APA § 705 Relief, a Preliminary Injunction or, alternatively, summary judgement ("Opposition"), ECF No. 46-1, and Memorandum in Support of their Motion for Summary Judgment ("Memorandum"), ECF No. 67, Plaintiffs cannot satisfy the requirements for relief and their supplemental brief, ECF No. 69, and their supporting arguments do nothing to cure those defects. Defendants incorporate by reference their prior briefing in full and conclude that Plaintiffs are not entitled to summary judgment or any other requested relief.

Accordingly, this Court should find that Defendants are entitled to summary judgment on all of Plaintiffs' Administrative Procedure Act (APA) claims based on the Certified Administrative Record now before the Court. DHS acted well within its broad, congressionally delegated authority to prescribe the time and conditions of nonimmigrant admissions pursuant to 8 U.S.C. § 1184(a)(1). Furthermore, any relief must be narrowly tailored to the specific parties before the Court to avoid issuing a sweeping nationwide vacatur or universal injunction under 5 U.S.C. § 706.

## ARGUMENT

### I. DHS adequately explained that SEVIS cannot provide the necessary additional screening prescribed by the Final Rule

Plaintiffs claim that "DHS's unexplained *ipse dixit* that it must instead implement periodic, in-person contacts for all international students and scholars—of whom more than one million are present at any time—simply does not pass muster under the APA, as the Court correctly found." ECF No. 69 at 14, exceeds the agency's requirements under the APA.

Even assuming the existing SEVIS capabilities could accomplish the agency's objectives, DHS displayed an "awareness that it is changing its position" and showed "there [were] good reasons for the new policy." *See Encino Motorcars, LLC v. Navarro, 579 U.S. 211, 221 (2016)* (citing *FCC v. Fox Television Stations, Inc.*, 556 U.S. 502, 515 (2009)) (internal quotation marks omitted).

First, Defendants previously explained in their Opposition and Memorandum that DHS identified substantive deficiencies within SEVIS, ECF No. 46-1 at 24, and provided several examples of how those charged with promptly and accurately reporting information about nonimmigrants facilitated misuse of the system. *See Establishing a Fixed Time Period of Admission and an Extension of Stay Procedure for Nonimmigrant Academic Students, Exchange Visitors, and Representatives of Foreign Information Media*, 91 Fed. Reg. 44984 (July 17, 2026) (Final Rule).

Second, DHS's reasoning is not circular; its reasoning is clear enough that its path may be reasonably discerned. ECF No. 69 at 12. As previously indicated, ECF No. 46-1 at 24, DHS acknowledged commenters' proposals and provided a rational justification for rejecting alterations to SEVIS as a viable alternative. Accordingly, this Court should find that DHS's actions are satisfactory under the APA and deny Plaintiffs their requested relief.

## II. The Final Rule is not contrary to law

While this Court previously reserved judgment on this issue in its September 14, 2026, opinion, it should now deny Plaintiffs requested relief and grant summary judgment in favor of Defendants. As explained in Defendants' opposition, the Secretary of Homeland Security has congressionally delegated authority to promulgate regulations under 8 U.S.C. §§ 1103(a)(3) and

1184(a)(1), and DHS acted well within its broad authority to prescribe the duration and conditions of nonimmigrant admissions pursuant to 8 U.S.C. § 1184(a)(1). Accordingly, this Court should deny Plaintiffs their requested relief and find in favor of Defendants.

**III. The proper relief is remand without vacatur**

This Court should narrowly tailor any potential relief to Plaintiffs and its members. Generally, when a reviewing court finds agency action to be unlawful, the remedy under the APA is to "hold unlawful and set aside" that agency action. 5 U.S.C. § 706(2). Under some circumstances, however, courts may remand an action to the agency without setting aside the action—that is, without vacatur. *See, e.g.*, *Cent. Me. Power Co. v. FERC*, 252 F.3d 34, 48 (1st Cir. 2001).

In fact, this Court has previously recognized the exceptional remedy of remand without vacatur in *Massachusetts v. Dep't of Educ.*, permitting the agency to provide fuller explanation of its reasoning at the time of agency action. *See Massachusetts v. Dep't of Educ.,* No. CV 26-11229-FDS, 2026 WL 2350106, at *2 (D. Mass. Aug. 11, 2026) (Saylor, J) (Because defendants have chosen to seek remand without vacatur rather than commencing new agency action, they "can offer a fuller explanation of the agency's reasoning at the time of the agency action" but "may not provide new [reasoning]." (citing *Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*, 591 U.S. 1, 21 (2020) (citation modified).

Likewise, here, if the Court were to find that some form of final relief is warranted on summary judgment, remand without vacatur is the appropriate remedy.

**CONCLUSION**

For the reasons stated above, this Court should grant Defendants' motion for summary judgment, deny Plaintiffs' cross-motion for summary judgment, and enter final judgment in favor of Defendants.

Dated: November 2, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

WILLIAM C. SILVIS
Assistant Director

DANIEL SCHUTRUM-BOWARD
MICHAEL A. CELONE
Senior Litigation Counsels

/s/ Oleksiy Isaev
OLEKSIY ISAEV
Trial Attorney
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
Post Office Box 878 | Ben Franklin Station |
Washington, D.C. 20044
Oleksiy.Isaev@usdoj.gov
202-431-1481
*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

/s/ Oleksiy Isaev

OLEKSIY ISAEV
Trial Attorney